IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILSON L. CLOW, JR.,

    Plaintiff,

                                Civil No. 05-3034-CO
                                FINDINGS AND RECOMMENDATION

    v.

FIRE MOUNTAIN GEMS,

    Defendant.
_____

COONEY, Magistrate Judge:

    Defendant has removed this action from state court pursuant to 28 U.S.C. § 1441 alleging original federal question jurisdiction. 28 U.S.C. § 1447(c) authorizes the court to remand a case for lack of subject matter jurisdiction. See Brockman v. Merabank, 40 F.3d 1013, 1015 (9th Cir. 1994). The court sua sponte can raise a jurisdictional defect at any time, leading to the dismissal of the action, or, in this case, remand to state court. See

Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).

Title 28 U.S.C. § 1441 permits removal of a state court proceeding to federal court if the federal court would have original jurisdiction over the action. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983). Removal statues are strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The burden of establishing federal jurisdiction falls on the party seeking to remove the state proceeding. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Absent complete diversity between the parties, "the propriety of removal turns on whether the case falls within the original `federal question' jurisdiction of the United States district courts." Franchise Tax, 463 U.S. at 8; See also Caterpillar, Inc., 482 U.S. at 392. The original federal question jurisdiction of the district court is defined by 28 U.S.C. § 1331. 28 U.S.C. § 1331 states that the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Franchise Tax, 463 U.S. at 8.

"[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under the federal law." Id. at 10. An action arises

FINDINGS AND RECOMMENDATION - 2

under federal law only when the plaintiff's statement of his own cause of action shows it is based on federal law. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149 (1908).

Whether a case falls within the original federal question jurisdiction of the district court is governed by the "well pleaded complaint rule." Caterpillar, Inc., 482 U.S. at 392. The "well pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. The plaintiff's complaint must present a federal question " 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose'". Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)(citation and quotation omitted).

A review of plaintiff's state court complaint shows that he has not specifically stated that he is bringing this action pursuant to 42 U.S.C. §2000e-5 (Title VII) or the Americans with Disabilities Act, 42 U.S.C. §§ 12110, et seq.. Plaintiff's complaint does not allege that he received a right to sue letter from the EEOC, which is not conclusive, but indicates that plaintiff is only alleging state claims under ORS Chapter 659A. Based on the well pleaded complaint rule, this case should be remanded to state court, as on the face of the complaint it does not appear plaintiff is alleging any federal claims.

Based on the allegations in plaintiff's complaint, it is recommended that this case be remanded to state court.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals***. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections***. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_\_\_29\_\_\_\_\_ day of April, 2005.

_____/S/_____
UNITED STATES MAGISTRATE JUDGE

FINDINGS AND RECOMMENDATION - 4